UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: §
§
HAMMER, MICHAEL CHRISTOPHER § Case No. 16-13917
§
§
Debtors(s) §

TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 04/24/2016. The undersigned trustee was appointed on 04/24/2016.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. §522, or have been or will be abandoned pursuant to 11 U.S.C. §554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

| | | |
|---|---|---|
| 4. The trustee realized gross receipts of | $ | 37,294.75 |
| Funds were disbursed in the following amounts: | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative Expenses | | 99.00 |
| Bank Service Fees | | 31.50 |
| Other Payments to Creditors | | 0.00 |
| Non-Estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the Debtor | | 4,000.00 |
| Other Payments to Debtor | | 0.00 |
| Leaving a balance on hand of [1] | $ | 33,164.25 |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) Page 1

The remaining funds are available for distribution.

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was 10/20/2016 and the deadline for filing governmental claims was 10/20/2016. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D.**

     8. Pursuant to 11 U.S.C. §326(a), the maximum compensation allowable to the trustee is $4,079.48. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests a sum of $4,079.48, for a total compensation of $4,079.48. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $68.94 for total expenses of $68.94

Pursuant to Fed. R. Bank. P. 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date :  02/23/2017     By :  /s/ Elizabeth Berg
                                                                                               Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. §1320.4 (a)(2) applies.

---

[2]If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

| Case No: 16-13917 | Judge: Janet S. Baer | Trustee Name: Elizabeth C Berg |
|---|---|---|
| Case Name: HAMMER, MICHAEL CHRISTOPHER | | Date Filed (f) or Converted (c): 04/24/2016 (f) |
| | | 341(a) Meeting Date: 05/16/2016 |
| For Period Ending: 02/23/2017 | | Claims Bar Date: 10/20/2016 |

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | Asset Description<br>(Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value<br>(Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned<br>OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |
| 1. | 2010 Dodge Nitro - 97000 miles | 15,000.00 | 0.00 | | 0.00 | FA |
| 2. | Miscellaneous clothing | 0.00 | 0.00 | | 0.00 | FA |
| 3. | Citibank checking account | 100.00 | 100.00 | | 0.00 | FA |
| 4. | Stock--United Parcel Service | 7,000.00 | 27,020.03 | | 37,294.75 | FA |
| 5. | 401k - Mellon Bank | 40,000.00 | 0.00 | | 0.00 | FA |
| | | | | | | **Gross Value of Remaining Assets** |
| | TOTALS (Excluding Unknown Values) | 62,100.00 | 27,120.03 | | 37,294.75 | 0.00 |

Re Prop. #4  Stock represented options and management incentives given to Debtor as an employee of UPS.  Trustee investigated the Estate's interest in the stock and determined that all of the shares was fully vested by the Debtor and property of the Estate as of the commencement of this case.  Trustee directed a turnover of the proceeds of the UPS stock account and liquidated the shares.

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

**February 23, 2017:**  Trustee reviewed claims.  Trustee oversaw the preparation of Estate tax returns.  Trustee prepared her TFR.

**October 16, 2016:**  Trustee investigated the Debtor's interest in UPS stock and stock options.  Debtor was a long-time employee of UPS.  Debtor turned over a recent account statement which indicated approximately 340 shares worth $31,000.00.  Trustee investigated the Debtor's interest in the stock as of the commencement of the case including what portion, if any, was vested, not-vested and hypothecated (i.e. pledged as collateral).  Trustee also determined that a portion of the Debtor's claimed exemption (totaling $6,400.00) in the stock was not valid and pursuant to this Court's order dated 7/28/16 [dkt. 23] the portion of the Debtor's claimed exemption in the amount of $2,400.00 was disallowed.  After Trustee conducted a complete investigation into the ownership of the UPS stock, Trustee determined that all of the 340.8795 shares of UPS stock were fully vested in the Debtor and property of the Estate as of the commencement of the case.  Thereafter, Trustee directed Computershare which held the UPS stock as agent to liquidate and turnover the full value of the shares to the Trustee.  Trustee is in the process of reviewing claims, analyzing Estate tax matters.  Upon completion of those matters, Trustee will prepare to close the case.

UST Form 101-7-TFR (5/1/2011) (Page 1)    Exhibit A

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

| Case No: 16-13917 | Judge: Janet S. Baer | Trustee Name: Elizabeth C Berg |
|---|---|---|
| Case Name: HAMMER, MICHAEL CHRISTOPHER | | Date Filed (f) or Converted (c): 04/24/2016 (f) |
| | | 341(a) Meeting Date: 05/16/2016 |
| For Period Ending: 02/23/2017 | | Claims Bar Date: 10/20/2016 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

Initial Projected Date of Final Report(TFR) : 06/30/2017    Current Projected Date of Final Report(TFR) : 03/30/2017

**Trustee's Signature**  /s/Elizabeth C Berg    **Date:** 02/23/2017
Elizabeth C Berg
20 N. Clark St., Suite 200
Chicago, IL 60602
Phone : (312) 726-8150

UST Form 101-7-TFR (5/1/2011) (Page 2)    **Exhibit A**

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

| | | |
|---|---|---|
| Case No: | 16-13917 | |
| Case Name: | HAMMER, MICHAEL CHRISTOPHER | |
| Taxpayer ID No: | **-***7389 | |
| For Period Ending: | 2/23/2017 | |

| | | |
|---|---|---|
| Trustee Name: | Elizabeth C Berg | |
| Bank Name: | Texas Capital Bank | |
| Account Number/CD#: | ******5195 Checking Account | |
| Blanket bond (per case limit): | 5,000,000.00 | |
| Separate bond (if applicable): | 0.00 | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or [Refer#] | Paid To / Received From | Description of Transaction | Uniform Trans. Code | Deposits($) | Disbursements($) | Account/ CD Balance($) |
| 09/12/2016 | [4] | United Parcel Service (UPS) c/o Computershare, Inc. 250 Royall Street Canton, MA 02021 | Turnover of stock account 340 shares--wired from Computershare agent for UPS | 1129-000 | 37,198.37 | | 37,198.37 |
| 09/15/2016 | [4] | UPS c/o Computershare, Inc. 250 Royall Street Canton, MA 02021 | Turnover of the balance of Stock Account - .8795 Shares | 1129-000 | 96.38 | | 37,294.75 |
| 09/15/2016 | 51001 | Michael C Hammer 613 Pearl Street Maple Park, IL 60151 | Debtor's Exemption in UPS Stock Options (amount allowed per order 7/22/16 [dkt 23]) | 8100-002 | | 4,000.00 | 33,294.75 |
| 10/03/2016 | | Texas Capital Bank Treasury Management Operations 2350 Lakeside Blvd Richardson, TX 75082 | Bank Service Fee | 2600-000 | | 31.50 | 33,263.25 |
| 12/13/2016 | 51002 | Illinois Department of Revenue P.O. Box 19053 Springfield, IL 62794-9053 | State Tax Due for the Estate of Michael C. Hammer, Debtor FEIN: 81-6747389 | 2820-000 | | 99.00 | 33,164.25 |
| | | | Page Subtotals | | 37,294.75 | 4,130.50 | |

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

| | |
|---|---|
| Case No: 16-13917 | Trustee Name: Elizabeth C Berg |
| Case Name: HAMMER, MICHAEL CHRISTOPHER | Bank Name: Texas Capital Bank |
| | Account Number/CD#: ******5195 Checking Account |
| Taxpayer ID No: **-***7389 | Blanket bond (per case limit): 5,000,000.00 |
| For Period Ending: 2/23/2017 | Separate bond (if applicable): 0.00 |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or [Refer#] | Paid To / Received From | Description of Transaction | Uniform Trans. Code | Deposits($) | Disbursements($) | Account/ CD Balance($) |

Page Subtotals

| | | | |
|---|---|---|---|
| | **COLUMN TOTALS** | 37,294.75 | 4,130.50 |
| | Less:Bank Transfer/CD's | 0.00 | 0.00 |
| | **SUBTOTALS** | 37,294.75 | 4,130.50 |
| | Less: Payments to Debtors | | 4,000.00 |
| | **Net** | 37,294.75 | 130.50 |

| | | | |
|---|---|---|---|
| All Accounts Gross Receipts: 37,294.75 | **TOTAL-ALL ACCOUNTS** | **NET DEPOSITS** | **NET DISBURSEMENTS** | **ACCOUNT BALANCE** |
| All Accounts Gross Disbursements: 4,130.50 | ******5195 Checking Account | 37,294.75 | 4,130.50 | |
| All Accounts Net: 33,164.25 | **NetTotals** | 37,294.75 | 4,130.50 | 33,164.25 |

UST Form 101-7-TFR (5/1/2011) (Page 2)                                   Exhibit B

Case: 16-13917  
HAMMER, MICHAEL CHRISTOPHER

CLAIMS REGISTER

Elizabeth C Berg Trustee  
Dated: Feb 23, 2017

EXHIBIT C

| Claim No. | Creditor | UTC / Class | Status | Proof of Claim | Allowed Amount | Previously Paid | Prop. Payment Prop. Interest | Remaining Balance |
|---|---|---|---|---|---|---|---|---|
| | Elizabeth C. Berg, Trustee<br>20 N. Clark Street<br>Suite 200<br>Chicago, IL 60602 | 2100-000<br>ADMIN | Valid To Pay | 4,079.48 | 4,079.48 | 0.00 | 4,079.48 | 0.00 |
| | Elizabeth C. Berg, Trustee<br>20 N. Clark Street<br>Suite 200<br>Chicago, IL 60602 | 2200-000<br>ADMIN | Valid To Pay | 68.94 | 68.94 | 0.00 | 68.94 | 0.00 |
| | Baldi Berg, Ltd.<br>20 N. Clark St., Suite 200<br>Chicago, IL 60602 | 3110-000<br>ADMIN | Valid To Pay | 4,244.50 | 4,244.50 | 0.00 | 4,244.50 | 0.00 |
| | Popowcer Katten, Ltd.<br>35 E Wacker Dr<br>Suite 1550<br>Chicago, IL 60601 | 3410-000<br>ADMIN | Valid To Pay | 969.00 | 969.00 | 0.00 | 969.00 | 0.00 |
| **ADMINISTRATIVE TOTAL** | | | | 9,361.92 | 9,361.92 | 0.00 | 9,361.92 | 0.00 |

Case: 16-13917  
HAMMER, MICHAEL CHRISTOPHER

CLAIMS REGISTER

Elizabeth C Berg Trustee  
Dated: Feb 23, 2017  
EXHIBIT  C

| Claim No. | Creditor | UTC / Class | Status | Proof of Claim | Allowed Amount | Previously Paid | Prop. Payment Prop. Interest | Remaining Balance |
|---|---|---|---|---|---|---|---|---|
| 00001 | Armelinda DeBolt, as Trustee c/o Dreyer, Foote, Streit, Furgason & Slocum 1999 W Downer Pl Aurora, IL 60506 | 7100-000 UNSEC | Valid To Pay | 3,200.77 | 3,200.77 | 0.00 | 2,713.40 | 487.37 |
| 00002 | Navient Solutions Inc. 220 Lasley Ave Hanover Township, PA 18706 | 7100-000 UNSEC | Valid To Pay | 16,869.12 | 16,869.12 | 0.00 | 14,300.50 | 2,568.62 |
| 00003 | ASSET ACCEPTANCE LLC ASSIGNEE HOUSE PO Box 2036 Warren , MI 48090 | 7100-000 UNSEC | Valid To Pay | 949.01 | 949.01 | 0.00 | 804.51 | 144.50 |
| 00004 | SPRINGLEAF FINANCIAL SERVICES PO BOX 3251 Evansville , IN 47731 | 7100-000 UNSEC | Valid To Pay | 6,001.38 | 6,001.38 | 0.00 | 5,087.57 | 913.81 |
| 00005 | SPRINGLEAF FINANCIAL SERVICES PO BOX 3251 Evansville , IN 47731 | 7100-000 UNSEC | Valid To Pay | 1,057.36 | 1,057.36 | 0.00 | 896.35 | 161.01 |
| **UNSECURED TOTAL** | | | | **28,077.64** | **28,077.64** | **0.00** | **23,802.33** | **4,275.31** |
| **REPORT TOTALS** | | | | **37,439.56** | **37,439.56** | **0.00** | **33,164.25** | **4,275.31** |

TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 16-13917
Case Name: HAMMER, MICHAEL CHRISTOPHER

Trustee Name: Elizabeth C Berg

Balance on Hand $33,164.25

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees: Elizabeth C. Berg, Trustee | $ 4,079.48 | $ 0.00 | $ 4,079.48 |
| Trustee, Expenses: Elizabeth C. Berg, Trustee | $ 68.94 | $ 0.00 | $ 68.94 |
| Attorney for Trustee, Fees: Baldi Berg, Ltd. | $ 4,244.50 | $ 0.00 | $ 4,244.50 |
| Other: Popowcer Katten, Ltd. | $ 969.00 | $ 0.00 | $ 969.00 |
| Total to be paid for chapter 7 administrative expenses | | | $ 9,361.92 |
| Remaining Balance | | | $ 23,802.33 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed Priority Claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $28,077.64 have been allowed and will be paid pro rata only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 84.8 %, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 00001 | Armelinda DeBolt, as Trustee c/o | $ 3,200.77 | $ 0.00 | $ 2,713.40 |
| 00002 | Navient Solutions Inc. | $ 16,869.12 | $ 0.00 | $ 14,300.50 |
| 00003 | ASSET ACCEPTANCE LLC ASSIGNEE | $ 949.01 | $ 0.00 | $ 804.51 |

UST Form 101-7-TFR (5/1/2011) Page 5

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 00004 | SPRINGLEAF FINANCIAL SERVICES | $ 6,001.38 | $ 0.00 | $ 5,087.57 |
| 00005 | SPRINGLEAF FINANCIAL SERVICES | $ 1,057.36 | $ 0.00 | $ 896.35 |
| Total to be paid to timely general unsecured creditors | | | | $ 23,802.33 |
| Remaining Balance | | | | $ 0.00 |

    Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid pro rata only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 %, plus interest (if applicable).

    Tardily filed general (unsecured) claims are as follows:

NONE

    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid pro rata only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 %, plus interest (if applicable).

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE